STATE OF NORTH CAROLINA v. CHARLES McKINNEY

No. 735SC520

(Filed 22 August 1973)

**Criminal Law § 23— plea bargain — voluntariness of guilty plea**

    Defendant's plea of guilty to a charge of felonious larceny of an automobile was not rendered involuntary where the trial court agreed with defendant's counsel to impose sentence to run concurrently with a sentence previously imposed by the judge, defendant was informed of the judge's promise and had it explained to him, and the trial court honored its promise.

APPEAL by defendant from *Rouse, Judge,* 5 February 1973 Session of NEW HANOVER County Superior Court.

By indictment proper in form, defendant was charged with the felonious larceny of an automobile. Through his court-appointed counsel he pleaded guilty. Before accepting the plea the court examined defendant under oath in open court and concluded that his plea of guilty was "freely, voluntarily, understandingly and knowingly made." Upon such plea the court entered judgment sentencing defendant to not less than five nor more than seven years in prison to run concurrently with a sentence of not less than eight nor more than ten years for common law robbery imposed on the same day. From entry of this judgment, defendant appealed.

*Attorney General Morgan, by Assistant Attorneys General Ricks and Magner, for the State.*

*Richard L. Stanley for defendant appellant.*

MORRIS, Judge.

Defendant challenges the trial court's conclusion that his plea of guilty was freely, voluntarily, understandingly and know-

ingly made. During the examination of the defendant the following proceedings took place:

"COURT: Mr. McKinney, before I permit your plea to be entered, as counsel has announced that you want to enter in this automobile larceny case, the court is going to ask you a series of questions and you will be sworn to speak truthfully in response to those questions.

CHARLES McKINNEY: Upon being first duly sworn, answered questions of court as follows:

BY COURT:

Q. Are you able to hear and understand my statements and questions?

A. Yes, sir.

Q. Are you now under the influence of any alcohol, drugs, narcotics, medicines, or other pills?

A. No, sir.

Q. Do you understand that you are charged with the felony of automobile larceny?

A. Yes, sir.

Q. Has that charge been explained to you?

A. Yes, sir.

Q. Are you ready for trial?

A. Yes, sir.

Q. Do you understand that you have the right to plead not guilty and to be tried by a jury?

A. Yes, sir.

Q. Your lawyer has announced that you desire to enter in this case a plea of guilty to this charge?

A. Yes, sir.

Q. Is that the plea you want to enter?

A. Yes, sir.

Q. Are you in fact guilty of this charge?

State v. McKinney

A. Yes, sir.

Q. Do you understand that upon your plea of guilty you could be imprisoned for as much as ten years?

A. Yes, sir.

Q. Now, let me say this to you. Your counsel inquired of the court if upon a plea the court would consider imposing a sentence which would run concurrently with the sentence which I have just imposed and I have stated to him that I would. Has your counsel informed you that I would let the two sentences run concurrently, that is, the automobile larceny sentence and the sentence in the robbery case run at the same time? Has your lawyer told you this?

Mr. Stanley: Your Honor, what I informed him is it wouldn't be any time past what he was serving, wouldn't be any additional time taxed on to the end.

Court: Well, I used the word concurrently. Do you understand that this sentence and the sentence in the robbery case will run at the same time?

A. Yes, sir.

Q. Now, are there any witnesses that you want who are not in the courtroom today?

A. No, sir.

Q. Have you had time to talk and confer with and have you conferred with your lawyer about this case, and are you satisfied with his services?

A. Yes, sir.

Q. Has the solicitor, or your lawyer, or any policeman, law officer or anyone else made any promise or threat to you to influence you to plead guilty in this case except as I have already stated?

A. No, sir.

Q. Has anyone violated any of your constitutional rights that you know anything about?

Q. Do you now freely, understandingly and voluntarily authorize and instruct your lawyer to enter on your behalf a plea of guilty in this case?

A. Yes, sir.

Q. Do you have any questions or any statement to make about what I have just said to you?

A. No.

COURT: Mr. Stanley, go over this with him, please.

(Let the record show that the court finds the defendant's plea is freely, voluntarily, understandingly and knowingly made.)"

Defendant argues that by pleading guilty to the larceny charge he had nothing to lose since at the time he entered his plea of guilty he had not given notice of appeal on the common law robbery conviction entered against him the same day and that it was solely due to the offer of a concurrent sentence that he pleaded guilty. We feel defendant's contention is without merit.

With commendable candor and openness, the trial judge asked defendant if his attorney had informed him that he would order the two sentences to run concurrently upon a guilty plea. Defendant answered affirmatively and with that understanding also affirmatively replied to the question of whether he still wished his attorney to enter a plea of guilty.

Whether conducted by the court or by the solicitor, " 'plea bargaining' is an essential component of the administration of justice. *Properly administered,* it is to be encouraged." (Emphasis added.) *Santobello v. New York,* 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed. 2d 427, 432 (1971). Defendant does not contend that such plea bargaining was conducted unfairly or that he failed to secure the full benefits of any bargain which had been made. See *Santobello, supra.* Clearly the trial court honored its promise. The fact that defendant was fully aware of the promise made by the trial court does not render his plea any less voluntary. Indeed it serves to strengthen its voluntariness.

We conclude that the record affirmatively shows that defendant's guilty plea was made freely, understandingly, and voluntarily as required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969), and we find no error in the action of the trial court in accepting that plea.

No error.

Chief Judge BROCK and Judge PARKER concur.